**RONG XUN ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 05–2748–ag.

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

Tina Howe, New York, NY, for Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, Madelyn Johnson, Alan Burch, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Rong Xun Zhang, a native and citizen of China, seeks review of the May 26, 2005 order of the BIA affirming the October 28, 2003 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Xun Zhang*, No. A79 787 594 (B.I.A. May 26, 2005), *aff'g* No. A79 787 594 (Immig. Ct. N.Y. City, Oct. 28, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We assume Zhang's credibility as to his past experiences because the agency did so. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

As a preliminary matter, because Zhang failed to challenge the agency's denial of his CAT claim before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

The agency found that, while credible, Zhang's past experiences did not rise to the level of persecution. We consider that finding at best dubious. Zhang described three instances of physical harm inflicted at the hands of Chinese police that, analyzed under the proper legal standard, appear to rise to the level of persecution, particularly where two of them "occurred in the context of an arrest or detention on the basis of a protected ground," i.e., an actual or imputed association with Falun Gong. *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006); *see also Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005) (noting that Falun Gong implicates a protected ground).

But even if a finding of past persecution would raise a presumption of reasonable fear of future persecution, that presumption was adequately rebutted. The record is clear that the petitioner is not a member of Falun Gong and does not claim to practice it. He lived for many years in Guang-

zhou without anyone in authority bothering him. His claim that his father told him that he was being sought by the authorities was reasonably disbelieved by the IJ both for lack of any details, which could have been expected from his father, and because the claim was not included in the asylum application.

On this record, we can confidently predict that the agency's conclusion would not change on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006).

For the foregoing reasons, the petition for review is Denied. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).